

**Thompson DeSonier**
—— From Conflict to Closure ——

**John "JJ" Thompson Sr.**
**Managing Partner**
☐ Cell: 479-430- 2562 : Office: 479-844-4086

JJ@tdfirm.law
💻 TDfirm.law
📍 294 N. Main St. Cave Springs, AR

March 25, 2026
Via Certified Mail, Restricted Delivery Return Receipt Requested

To:
Chancellor Charles Robinson
425 Administration Building
University of Arkansas
Fayetteville, AR 72701

Provost and Executive Vice Chancellor
For Academic Affairs Indrajeet Chaubey
422 Administration Building
Fayetteville, AR 72701

**Re: Notice of Appeal and Request for Hearing—Dr. Najja Baptist**

Dear Chancellor Robinson and Provost Chaubey:

By and through undersigned counsel, Dr. Baptist hereby submits this formal Notice of Appeal of the Deciding Official's ("DO") decision and respectfully requests a hearing before the Provost pursuant to University of Arkansas Fayetteville Policies and Procedures 206.9.

The University of Arkansas Research and Scholarly Misconduct Policy provides that "the respondent, within ten days of receiving written notification of the decision of the DO, may file an appeal with the Provost and Executive Vice Chancellor for Academic Affairs." Dr. Baptist hereby invokes that right and timely files this Notice of Appeal.

The Policy's ten-day appeal window does not specify whether "days" means calendar days or working days. This ambiguity is dispositive and must be resolved in Dr. Baptist's favor for the following reasons.

The University of Arkansas Academic Policy Series 1430.10 (Staff Grievance Policy) is a parallel employment policy and expressly and consistently uses the term "working days after receipt

of the written statement" throughout its procedural provisions when establishing deadlines for **John "JJ" Thompson Sr.**

**Managing Partner**

☐ Cell: 479-430- 2562 : Office: 479-844-4086

JJ@tdfirm.law

🖳 TDfirm.law

📍 294 N. Main St. Cave Springs, AR

responses. See Academic Policy Series 1430.10. The Research and Scholarly Misconduct Policy, by contrast, uses the unqualified term "days" without further definition.

Where one UA policy takes care to define a deadline in "working days" and a related policy is silent on the distinction, the only reasonable and consistent interpretation is that the undefined term should carry the same meaning used across the UA's parallel grievance framework. Any other construction would produce an arbitrary and inconsistent result between two policies governing the same employment relationship.

Under the working-days interpretation, this appeal is timely filed today, March 25, 2026, which is the tenth working day following Dr. Baptist's receipt of the DO's written decision. Dr. Baptist expressly reserves all arguments with respect to timeliness and places the University of Arkansas and the Provost on notice that any attempt to deny this appeal as untimely would constitute a denial of due process.

Further, even assuming a strict calendar-day calculation, the tenth calendar day from issuance of the DO's written decision fell on March 21, 2026, a Saturday immediately preceding spring break. Under the UA Staff Grievance Policy, the clause "or as soon as possible thereafter" provides an alternative deadline framework that may reasonably be applied to the otherwise silent policy in 206.9. Applied here, this Notice is timely in light of the business hours and operational realities of both parties.

All rights of Dr. Baptist are expressly reserved. This Notice shall not be construed as a waiver of any claim or defense, nor as an admission of any fact alleged by the University. Dr. Baptist further reserves the right to supplement this appeal with additional written submissions in advance of any scheduled hearing.

.

Respectfully Submitted,
Dr. Najja Baptist
By: /s/_____ *JJ Thompson*___
Attorney for Dr. Najja Baptist
John "JJ" Thompson Sr., #2024182