IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
FAYETTEVILLE DIVISION

| | | |
|---|---|---|
| DR. NAJJA K. BAPTIST | ) | |
| | ) | |
| PLAINTIFF-<br>COUNTERCLAIM<br>DEFENDANT | )<br>)<br>) | CASE NO. 5:26-cv-05077-DCF |
| | ) | |
| v. | ) | |
| | ) | |
| BOARD OF TRUSTEES OF THE<br>UNIVERSITY OF ARKANSAS, acting<br>for and on behalf of the University<br>of Arkansas, Fayetteville | )<br>)<br>)<br>) | JURY TRIAL DEMANDED |
| | ) | |
| DEFENDANT-<br>COUNTERCLAIM<br>PLAINTIFF | )<br>)<br>) | |
| | ) | |
| BRIAN RAINES; CHARLES<br>ROBINSON, in his official capacity<br>only; INDRAJEET CHAUBEY, in<br>his official capacity only; CALE<br>FESSLER, in his official capacity<br>only | )<br>)<br>)<br>)<br>)<br>) | |
| | ) | |
| DEFENDANTS | ) | |

**PLAINTIFF/COUNTERCLAIM-DEFENDANT DR. NAJJA K. BAPTIST'S
ANSWER AND AFFIRMATIVE DEFENSES TO
DEFENDANT/COUNTERCLAIMANT BOARD OF TRUSTEES OF THE
UNIVERSITY OF ARKANSAS' COUNTERCLAIM**

Plaintiff-Counterclaim Defendant Dr. Najja K. Baptist (hereinafter "Dr. Baptist" or

"Counter-Defendant") for his Answer to the Counterclaims of Defendant-Counterclaim

1

Plaintiff Board of Trustees of the University of Arkansas (hereinafter "the Board" or "Counterclaimant") (ECF No. 7), states:

1.      With regard to Paragraph 186 of the Counterclaim, Counter-Defendant admits only that Counterclaimant purports to incorporate preceding paragraphs by reference. Counter-Defendant denies the allegations, characterizations, defenses, and legal conclusions incorporated therein to the extent they are inconsistent with Dr. Baptist's Complaint, his claims, or this Answer. Counter-Defendant denies any allegation in the paragraph not specifically admitted.

### Jurisdiction and Venue

2.      Counter-Defendant admits Paragraph 187 of the Counterclaim.

3.      Counter-Defendant admits Paragraph 188 of the Counterclaim.

4.      Counter-Defendant admits Paragraph 189 of the Counterclaim.

5.      Counter-Defendant admits Paragraph 190 of the Counterclaim.

### The Board

6.      With regard to Paragraph 191 of the Counterclaim, Counter-Defendant admits that the cited statute contains the quoted language. Counter-Defendant denies any allegation in the paragraph that is not specifically admitted.

7.      With regard to Paragraph 192 of the Counterclaim, Counter-Defendant admits that the cited statute contains the quoted language. Counter-Defendant denies any allegation in the paragraph that is not specifically admitted.

8.      With regard to Paragraph 193 of the Counterclaim, Counter-Defendant admits that the cited statute contains the quoted language. Counter-Defendant denies any allegation in the paragraph that is not specifically admitted.

**Dr. Baptist's T-Card Requests and University Policy**

9.      With regard to Paragraph 194 of the Counterclaim, Counter-Defendant admits that Dr. Baptist submitted a Credit Card Request for a Travel Card on February 3, 2025, and that an authentic copy has been filed in this action as Defendants' Exhibit 1, ECF No. 7-1. Counter-Defendant denies any allegations in the paragraph that is not specifically admitted.

10.      Counter-Defendant admits Paragraph 195 of the Counterclaim.

11.      Counter-Defendant admits Paragraph 196 of the Counterclaim.

12.      Counter-Defendant admits Paragraph 197 of the Counterclaim.

13.      With regard to Paragraph 198 of the Counterclaim, Counter-Defendant admits that the Board issued a Bank of America Credit Card ("T-Card") to Counter-Defendant. Counter-Defendant denies any allegation in the paragraph that is not specifically admitted.

14.      With regard to Paragraph 199 of the Counterclaim, Counter-Defendant admits that a Request update to Credit Card Information was submitted on March 17, 2025, and that an authentic copy has been filed in this action as Defendants' Exhibit 2, ECF No. 7-2.

15.      Counter-Defendant admits Paragraph 200 of the Counterclaim.

16.      Counter-Defendant admits Paragraph 201 of the Counterclaim.

17.    Counter-Defendant admits Paragraph 202 of the Counterclaim.

18.    With regard to Paragraph 203 of the Counterclaim, Counter-Defendant admits that the Board increased the monthly spending limit of the T-Card issued to him to $15,000.

19.    With regard to Paragraph 204 of the Counterclaim, Counter-Defendant admits that an authentic copy of the University of Arkansas, Fayetteville's policy titled "Policy – TCard" has been filed in this action as Defendants' Exhibit 3, ECF No. 7-3. Counter-Defendant denies the remainder of the paragraph to the extent it characterizes, interprets, or applies it to Dr. Baptist.

20.    With regard to Paragraph 205 of the Counterclaim, Counter-Defendant admits only that the cited policy speaks for itself. Counter-Defendant denies the remainder of the paragraph to the extent it characterizes, interprets, or applies it to Dr. Baptist.

21.    With regard to Paragraph 206 of the Counterclaim, Counter-Defendant admits only that the cited policy speaks for itself. Counter-Defendant denies the remainder of the paragraph to the extent it characterizes, interprets, or applies it to Dr. Baptist.

22.    With regard to Paragraph 207 of the Counterclaim, Counter-Defendant admits only that Defendants filed a document purporting to be the Travel Policy and that the document speaks for itself. Counter-Defendant denies any allegation in the paragraph that is not specifically admitted.

23.    Counter-Defendant admits Paragraph 208 of the Counterclaim and that an authentic copy of the Travel Policy section titled "Expenses Not Allowed/Restrictions" has been filed in this action as Defendants' Exhibit 4, ECF No. 7-4.

24.    Counter-Defendant admits Paragraph 209 of the Counterclaim.

25.    Counter-Defendant denies Paragraph 210 of the Counterclaim.

26.    Counter-Defendant lacks sufficient knowledge or information to form a belief about the truth of the allegations in Paragraph 211 of the Counterclaim and therefore denies them.

27.    With regard to Paragraph 212 of the Counterclaim, to the extent this paragraph purports to characterize or summarize University policy, Counter-Defendant lacks sufficient knowledge or information to form a belief about the truth of the allegations in Paragraph 212 and therefore denies them. Counter-Defendant denies the remainder of the paragraph.

**Columbia, South Carolina**
**Pawleys Island, South Carolina**
**June 4, 2025, to July 13, 2025**

28.    With regard to Paragraph 213 of the Counterclaim, Counter-Defendant admits that he traveled to Columbia, South Carolina, and Pawleys Island from on or about June 4, 2025, to on or about July 13, 2025. Counter-Defendant denies the remainder of the paragraph.

29.    Counter-Defendant admits Paragraph 214 of the Counterclaim.

30.    Counter-Defendant admits Paragraph 215 of the Counterclaim.

31.    With regard to Paragraph 216 of the Counterclaim, Counter-Defendant admits that an authentic copy of the email dated May 29, 2025, has been filed in this action as Defendants' Exhibit 5, ECF No. 7-5.

32. Counter-Defendant admits that Defendants' Exhibit 5 contains the quoted language. Counter-Defendant denies any characterization, interpretation, or application of the email inconsistent with its full text, and denies any allegation in Paragraph 217 not specifically admitted.

33. Counter-Defendant admits Paragraph 218 of the Counterclaim.

34. With regard to Paragraph 219 of the Counterclaim, Counter-Defendant admits that an authentic copy of the Official Function Form has been filed in this action as Defendants' Exhibit 6, ECF No. 7-6.

35. Counter-Defendant admits Paragraph 220 of the Counterclaim.

36. Counter-Defendant admits Paragraph 221 of the Counterclaim.

37. Counter-Defendant admits Paragraph 222 of the Counterclaim.

38. Counter-Defendant admits Paragraph 223 of the Counterclaim.

39. Counter-Defendant admits Paragraph 224 of the Counterclaim.

40. Counter-Defendant admits Paragraph 225 of the Counterclaim.

41. Counter-Defendant admits Paragraph 226 of the Counterclaim.

42. Counter-Defendant admits Paragraph 227 of the Counterclaim.

43. Counter-Defendant admits Paragraph 228 of the Counterclaim.

44. With regard to Paragraph 229 of the Counterclaim, Counter-Defendant admits that William Schreckhise ("Dr. Schreckhise") began serving as chair of the Department of Political Science in 2019. Counter-Defendant denies any allegation in the paragraph that is not specifically admitted.

45. Counter-Defendant admits Paragraph 230 of the Counterclaim.

46.    With regard to Paragraph 231 of the Counterclaim, Counter-Defendant admits that Dr. Schreckhise's signature is on the Official Function Form. To the extent that Paragraph 231 alleges that Dr. Schreckhise's approval was premised upon any particular representation by Counter-Defendant, Counter-Defendant lacks sufficient knowledge or information to form a belief as to the truth of that allegation and therefore denies the same. Counter-Defendant denies that Dr. Schreckhise's signature or approval establishes fraud, personal use, unauthorized use, improper purpose, or any liability.

47.    Counter-Defendant admits Paragraph 232 of the Counterclaim.

48.    With regard to Paragraph 233 of the Counterclaim, Counter-Defendant admits only that Defendants' Exhibit 7 contains the referenced text-message or invitation language. Counter-Defendant denies that the invitation establishes that the Gala Event Center expenses were personal, unauthorized, fraudulent, improper, or unrelated to University business. Counter-Defendant further denies any implication that the invitation accurately describes all uses, purposes, or activities associated with the Gala Event Center on June 7, 2025. Counter-Defendant denies any allegation in the paragraph that is not specifically admitted.

49.    With regard to Paragraph 234 of the Counterclaim, Counter-Defendant admits that an authentic copy of the text message has been filed in this action as Defendants' Exhibit 7, ECF No. 7-7.

50.    With regard to Paragraph 235 of the Counterclaim, Counter-Defendant admits only that Defendants' Exhibit 7, p. 3, contains the referenced invitation language. Counter-Defendant denies that the invitation establishes that the Gala Event Center

expenses were personal, unauthorized, fraudulent, improper, or unrelated to University business. Counter-Defendant further denies any implication that the invitation accurately describes all uses, purposes, or activities associated with the Gala Event Center on June 7, 2025. Counter-Defendant denies any allegation in the paragraph that is not specifically admitted.

51.     With regard to Paragraph 236 of the Counterclaim, Counter-Defendant admits only that Defendants' Exhibit 7, p. 4, contains the referenced invitation language. Counter-Defendant denies that the invitation establishes that the Gala Event Center expenses were personal, unauthorized, fraudulent, improper, or unrelated to University business. Counter-Defendant further denies any implication that the invitation accurately describes all uses, purposes, or activities associated with the Gala Event Center on June 7, 2025. Counter-Defendant denies any allegation in the paragraph that is not specifically admitted.

52.     Counter-Defendant admits Paragraph 237 of the Counterclaim.

53.     With regard to Paragraph 238 of the Counterclaim, the paragraph does not identify the communication with enough specificity to admit or deny and is therefore denied.

54.     With regard to Paragraph 239 of the Counterclaim, the paragraph does not identify the communication with enough specificity to admit or deny and is therefore denied.

55.     Counter-Defendant admits Paragraph 240 of the Counterclaim.

56. With regard to Paragraph 241 of the Counterclaim, Counter-Defendant admits that an authentic copy of the statement posted on VRBO's webpage for "Pawleys Plantanion Villa" has been filed in this action as Defendants' Exhibit 8, ECF No. 7-8.

57. Counter-Defendant admits Paragraph 242 of the Counterclaim.

58. With regard to Paragraph 243 of the Counterclaim, the paragraph does not identify the VRBO property's address so Counter-Defendant lacks sufficient knowledge or information to form a belief about the truth of the allegations in the paragraph and therefore denies them.

59. With regard to Paragraph 244 of the Counterclaim, Counter-Defendant lacks sufficient knowledge or information to form a belief as to the truth of the allegation that Pawleys Plantation Golf and Country Club is gated and guarded, therefore denies them.

60. With regard to Paragraph 245 of the Counterclaim, Counter-Defendant admits that hotel accommodations, including the Best Western and Hampton Inn, are available in the Pawleys Island area. Counter-Defendant denies the characterization of such accommodations as "standard" to the extent that the term is subjective and undefined. Counter-Defendant denies any allegation in the paragraph that is not specifically admitted.

61. With regard to Paragraph 246 of the Counterclaim, Counter-Defendant admits that he submitted a receipt dated June 10, 2025, from a Pawleys Island dining establishment in the amount of $114.59. Counter-Defendant denies that the receipt establishes that any charge was personal, unauthorized, fraudulent, improper, or unrelated to University business. Counter-Defendant denies that Internal Audit confirmed,

9

established, or proved that Counter-Defendant dined with a female guest on June 10, 2025, that Counter-Defendant did not consume the items reflected on the receipt, or that any meal charge was improper. Counter-Defendant lacks sufficient knowledge or information to form a belief as to what any waitress allegedly told Internal Audit and therefore denies the same. Counter-Defendant denies any allegation in the paragraph that is not specifically admitted.

62.    Counter-Defendant denies Paragraph 247 of the Counterclaim.

63.    With regard to Paragraph 248 of the Counterclaim, Counter-Defendant admits only that Defendants' Exhibits 40 through 46 purport to reflect charges, administrative T-Card charges, and reimbursement requests associated with travel to Memphis, Tennessee, Columbia, South Carolina, and Pawleys Island, South Carolina during the referenced periods. Counter-Defendant denies that any such purchases were non-Institution-related, unauthorized, personal, fraudulent, improper, or otherwise actionable. Counter-Defendant denies any allegation in the paragraph that is not specifically admitted.

64.    Counter-Defendant denies Paragraph 249 of the Counterclaim.

**Augusta, Georgia**
**September 22, 2024, to September 30, 2024**

65.    With regard to Paragraph 250 of the Counterclaim, Counter-Defendant admits only that Defendants' Exhibits 9, 10, and 11 purport to reflect charges and/or reimbursement requests associated with travel to Augusta, Georgia during the referenced period. Counter-Defendant denies that any such purchases were non-Institution-related,

10

unauthorized, personal, fraudulent, improper, or otherwise actionable. Counter-Defendant denies any allegation in the paragraph that is not specifically admitted.

**Charlotte, North Carolina**
**October 3, 2024, to October 7, 2024**

66.    With regard to Paragraph 251 of the Counterclaim, Counter-Defendant admits only that Defendants' Exhibits 12 and 13 purport to reflect charges and/or reimbursement requests associated with travel to Charlotte, North Carolina during the referenced period. Counter-Defendant denies that any such purchases were non-Institution-related, unauthorized, personal, fraudulent, improper, or otherwise actionable. Counter-Defendant denies any allegation in the paragraph that is not specifically admitted.

**New Orleans, Louisiana**
**November 15, 2024, to November 17, 2024**

67.    With regard to Paragraph 252 of the Counterclaim, Counter-Defendant admits only that Defendants' Exhibits 14 and 15 purport to reflect charges and/or reimbursement requests associated with travel to New Orleans, Louisiana during the referenced period. Counter-Defendant denies that any such purchases were non-Institution-related, unauthorized, personal, fraudulent, improper, or otherwise actionable. Counter-Defendant denies any allegation in the paragraph that is not specifically admitted.

**Memphis, Tennessee**
**November 27, 2024, to December 1, 2024**

68.    With regard to Paragraph 253 of the Counterclaim, Counter-Defendant admits only that Defendants' Exhibits 16, 17, and 18 purport to reflect charges and/or reimbursement requests associated with travel to Memphis, Tennessee during the referenced period. Counter-Defendant denies that any such purchases were non-Institution-

related, unauthorized, personal, fraudulent, improper, or otherwise actionable. Counter-Defendant denies any allegation in the paragraph that is not specifically admitted.

**Charlotte, North Carolina**
**Durham, North Carolina**
**Columbia, South Carolina**
**Savannah, Georgia**
**Augusta, Georgia**
**December 13, 2024, to January 7, 2025**

69.    With regard to Paragraph 254 of the Counterclaim, Counter-Defendant admits only that Defendants' Exhibits 19, 20, 21, and 22 purport to reflect charges and/or reimbursement requests associated with travel to Charlotte, North Carolina; Durham, North Carolina; Columbia, South Carolina; Savannah, Georgia; and Augusta, Georgia during the referenced period. Counter-Defendant denies that any such purchases were non-Institution-related, unauthorized, personal, fraudulent, improper, or otherwise actionable. Counter-Defendant denies any allegation in the paragraph that is not specifically admitted.

**Chattanooga, Tennessee**
**January 17, 2025, to January 19, 2025**

70.    With regard to Paragraph 255 of the Counterclaim, Counter-Defendant admits only that Defendants' Exhibit 23 purports to reflect charges and/or reimbursement requests associated with travel to Chattanooga, Tennessee during the referenced period. Counter-Defendant denies that any such purchases were non-Institution-related, unauthorized, personal, fraudulent, improper, or otherwise actionable. Counter-Defendant denies any allegation in the paragraph that is not specifically admitted.

**Hattiesburg, Mississippi**
**March 7, 2025, to March 9, 2025**

12

71.   With regard to Paragraph 256 of the Counterclaim, Counter-Defendant admits only that Defendants' Exhibits 24, 25, and 26 purport to reflect charges and/or reimbursement requests associated with travel to Hattiesburg, Mississippi during the referenced period. Counter-Defendant denies that any such purchases were non-Institution-related, unauthorized, personal, fraudulent, improper, or otherwise actionable. Counter-Defendant denies any allegation in the paragraph that is not specifically admitted.

**New Orleans, Louisiana**
**Miami, Florida**
**March 22, 2025, to March 31, 2025**

72.   With regard to Paragraph 257 of the Counterclaim, Counter-Defendant admits only that Defendants' Exhibits 27 and 28 purport to reflect charges and/or reimbursement requests associated with travel to New Orleans, Louisiana; and Miami, Florida during the referenced period. Counter-Defendant denies that any such purchases were non-Institution-related, unauthorized, personal, fraudulent, improper, or otherwise actionable. Counter-Defendant denies any allegation in the paragraph that is not specifically admitted.

**Columbia, South Carolina**
**April 12, 2025, to April 21, 2025**

73.   With regard to Paragraph 258 of the Counterclaim, Counter-Defendant admits only that Defendants' Exhibits 29 and 30 purport to reflect charges and/or reimbursement requests associated with travel to Columbia, South Carolina during the referenced period. Counter-Defendant denies that any such purchases were non-Institution-related, unauthorized, personal, fraudulent, improper, or otherwise actionable. Counter-Defendant denies any allegation in the paragraph that is not specifically admitted.

**Columbia, South Carolina**
**May 8, 2025, to May 9, 2025**

74.     With regard to Paragraph 259 of the Counterclaim, Counter-Defendant admits only that Defendants' Exhibit 31 purports to reflect charges and/or reimbursement requests associated with travel to Columbia, South Carolina during the referenced period. Counter-Defendant denies that any such purchases were non-Institution-related, unauthorized, personal, fraudulent, improper, or otherwise actionable. Counter-Defendant denies any allegation in the paragraph that is not specifically admitted.

**Columbia, South Carolina**
**May 17, 2025, to May 19, 2025**

75.     With regard to Paragraph 260 of the Counterclaim, Counter-Defendant admits only that Defendants' Exhibits 32, 33, 34, 35, and 36 purport to reflect charges and/or reimbursement requests associated with travel to Columbia, South Carolina during the referenced period. Counter-Defendant denies that any such purchases were non-Institution-related, unauthorized, personal, fraudulent, improper, or otherwise actionable. Counter-Defendant denies any allegation in the paragraph that is not specifically admitted.

**Washington, D.C.**
**May 21, 2025, to May 26, 2025**

76.     With regard to Paragraph 261 of the Counterclaim, Counter-Defendant admits only that Defendants' Exhibits 37, 38, and 39 purport to reflect charges and/or reimbursement requests associated with travel to Washington, D.C. during the referenced period. Counter-Defendant denies that any such purchases were non-Institution-related, unauthorized, personal, fraudulent, improper, or otherwise actionable. Counter-Defendant denies any allegation in the paragraph that is not specifically admitted.

**Authenticity of Defendants' Expense-Report Exhibits and the Board's Damages**

77.     With regard to Paragraph 262 of the Counterclaim, Counter-Defendant admits only that Defendants have filed documents labeled as Exhibits 9 through 46 and that those exhibits purport to be Travel Expense Reimbursement & Reconciliation Forms. Counter-Defendant denies that the exhibits establish liability, damages, fraud, conversion, unjust enrichment, breach of fiduciary duty, or any debt owed by Dr. Baptist. Counter-Defendant denies any allegation in the paragraph that is not specifically admitted.

78.     Counter-Defendant denies Paragraph 263 of the Counterclaim.

79.     Counter-Defendant denies Paragraph 264 of the Counterclaim.

80.     Counter-Defendant denies Paragraph 265 of the Counterclaim.

**Counterclaim Count I:**
**Breach of Fiduciary Duty of Public Trust**

81.     With regard to Paragraph 266 of the Counterclaim, Counter-Defendant realleges and incorporates by reference the preceding paragraphs of this answer as though fully set forth herein.

82.     With regard to Paragraph 267 of the Counterclaim, the paragraph quotes and characterizes a judicial opinion. To the extent a response is required, Counter-Defendant admits only that the cited opinion contains the quoted language. Counter-Defendant denies any allegation in the paragraph not specifically admitted.

83.     Counter-Defendant denies Paragraph 268 of the Counterclaim.

84.     Counter-Defendant denies Paragraph 269 of the Counterclaim.

85.     Counter-Defendant denies Paragraph 270 of the Counterclaim.

86.     Counter-Defendant denies Paragraph 271 of the Counterclaim.

87.     Counter-Defendant denies Paragraph 272 of the Counterclaim.

88.     Counter-Defendant denies Paragraph 273 of the Counterclaim.

### Counterclaim Count II:
### Conversion of Public Funds

89.     With regard to Paragraph 274 of the Counterclaim, Counter-Defendant realleges and incorporates by reference the preceding paragraphs of this answer as though fully set forth herein.

90.     With regard to Paragraph 275 of the Counterclaim, the paragraph quotes and characterizes a judicial opinion. To the extent a response is required, Counter-Defendant admits only that the cited opinion contains the language the quotation provided. Counter-Defendant denies any allegations in the paragraph that is not specifically admitted.

91.     With regard to Paragraph 276 of the Counterclaim, the paragraph states a legal conclusion to which no responsive pleading is required. To the extent a response is required, Counter-Defendant admits that Ark. Code Ann. § 6-64-1002 exists. Counter-Defendant denies any characterization of the statute inconsistent with its plain text.

92.     Counter-Defendant denies Paragraph 277 of the Counterclaim.

93.     Counter-Defendant denies Paragraph 278 of the Counterclaim.

94.     Counter-Defendant denies Paragraph 279 of the Counterclaim.

95.     Counter-Defendant denies Paragraph 280 of the Counterclaim.

96.     Counter-Defendant denies Paragraph 281 of the Counterclaim.

### Counterclaim Count III:
### Unjust Enrichment

16

97.     With regard to Paragraph 282 of the Counterclaim, Counter-Defendant reentity realleges and incorporates by reference the preceding paragraphs of this answer as though fully set forth herein.

98.     With regard to Paragraph 283 of the Counterclaim, the paragraph quotes and characterizes a judicial opinion. To the extent a response is required, Counter-Defendant admits only that the cited opinion contains the language the quotation provided. Counter-Defendant denies any allegations in the paragraph that is not specifically admitted.

99.     Counter-Defendant denies Paragraph 284 of the Counterclaim.

100.    Counter-Defendant denies Paragraph 285 of the Counterclaim.

101.    Counter-Defendant denies Paragraph 286 of the Counterclaim.

102.    Counter-Defendant denies Paragraph 287 of the Counterclaim.

103.    Counter-Defendant denies Paragraph 288 of the Counterclaim.

**Counterclaim Count IV:**
**Fraud**

104.    With regard to Paragraph 289 of the Counterclaim, Counter-Defendant realleges and incorporates by reference the preceding paragraphs of this answer as though fully set forth herein.

105.    With regard to Paragraph 290 of the Counterclaim, the paragraph states a legal conclusion to which no responsive pleading is required. Counter-Defendant denies any allegation in the paragraph that is not specifically admitted.

106.    Counter-Defendant denies Paragraph 291 of the Counterclaim.

107.    Counter-Defendant denies Paragraph 292 of the Counterclaim.

108.    Counter-Defendant denies Paragraph 293 of the Counterclaim.

109.    Counter-Defendant denies Paragraph 294 of the Counterclaim.

110.    Counter-Defendant denies Paragraph 295 of the Counterclaim.

111.    Counter-Defendant denies Paragraph 296 of the Counterclaim.

112.    Counter-Defendant denies Paragraph 297 of the Counterclaim.

## Jury Demand

113.    With regard to Paragraph 298 of the Counterclaim, the paragraph contains a demand for a jury trial to which no response is required.

## Prayer for Relief

114.    Counter-Defendant denies that the Board is entitled to any of the relief requested in the Counterclaim's "Prayer for Relief."

115.    Counter-Defendant denies any allegation that is not specifically admitted.

## Affirmative and Other Defenses

116.    Failure to State a Claim. The Board's Counterclaim fails, in whole or in part, to state a claim upon which relief can be granted.

117.    No Fraudulent Intent. The Board's fraud claim is barred because Dr. Baptist did not knowingly make any false representation, did not intend to deceive the Board or the University, and did not act with fraudulent intent.

118.    Authorization, Approval, Ratification, and Course of Dealing. The Board's claims are barred or reduced because the expenditures and reimbursements at issue were submitted through University processes and were reviewed, authorized, approved, reimbursed, accepted, or ratified by University personnel.

119. Legitimate University Purpose. The Board's claims are barred or reduced because the expenditures at issue were for legitimate University-related, research-related, academic, programmatic, or otherwise authorized purposes.

120. No Conversion. The Board's conversion claim fails because Dr. Baptist did not exercise unauthorized dominion or control over specifically identifiable public funds in a manner inconsistent with the Board's rights.

121. No Fiduciary Duty or Breach. The Board's fiduciary-duty claim fails because Dr. Baptist did not owe the fiduciary duty alleged, did not breach any cognizable fiduciary duty, and did not act with self-interest, malice, or reckless disregard.

122. No Unjust Enrichment. The Board's unjust-enrichment claim fails because Dr. Baptist was not unjustly enriched, because the University received the benefit of the expenditures, and because equity and good conscience do not require restitution.

123. Waiver and Estoppel. The Board's claims are barred or reduced to the extent the Board or University, through its agents, employees, or representatives, approved, authorized, accepted, ratified, or failed to timely object to the expenditures at issue.

124. Retaliatory, Discriminatory, or Pretextual Counterclaim. The Board's Counterclaim is barred, in whole or in part, to the extent it was asserted or pursued for retaliatory, discriminatory, pretextual, or otherwise unlawful reasons, including in response to Dr. Baptist's protected complaints of discrimination, pursuit of EEOC relief, and assertion of claims in this action.

125.    Lack of Causation and Damages. The Board's claims are barred or reduced because the Board did not suffer recoverable damages caused by any actionable conduct by Dr. Baptist.

126.    Punitive Damages Unavailable. The Board is not entitled to punitive damages because Dr. Baptist did not act with malice, fraudulent intent, or reckless disregard sufficient to support punitive damages.

127.    Setoff and Recoupment. Any recovery must be reduced or offset by amounts owed to Dr. Baptist and by any value, benefit, services, research, or work received by the University.

128.    Due Process and No Established Debt. The Board's claims are barred or limited to the extent the Board seeks to treat a disputed, unliquidated, inference-driven audit amount as an established debt without constitutionally adequate or otherwise lawful process.

129.    Reservation of Rights. Dr. Baptist reserves all rights available under the Federal Rules of Civil Procedure and any applicable scheduling order to amend this Answer and assert additional defenses as discovery and investigation may warrant.

WHEREFORE, Plaintiff-Counter-Defendant Dr. Najja K. Baptist respectfully requests that the Court enter judgment in his favor on the Board's Counterclaim, dismiss the Counterclaim with prejudice, award him costs and all other relief to which he is entitled, and grant such further relief as the Court deems just and proper.

Dated: June 18, 2026

20

Respectfully submitted,

/s/ *John Jerome "JJ" Thompson Sr.*

Bar No: 2024182
Thompson DeSonier Law Firm
294 N. Main St.
Cave Springs, AR 72718
Office: 479-844-4086
JJ@tdfirm.law
Attorney for Plaintiff-
Counterclaim Defendant

21