**IN THE UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF ARKANSAS**
**FAYETTEVILLE DIVISION**

**DR. NAJJA K. BAPTIST** **PLAINTIFF**

**v.** **Case No. 5:26-cv-05077**

**BOARD OF TRUSTEES OF THE UNIVERSITY OF ARKANSAS; BRIAN RAINES; CHARLES ROBINSON, in his official capacity only; INDRAJEET CHAUBEY, in his official capacity only; and, CALE FESSLER, in his official capacity only** **DEFENDANTS**

**INITIAL SCHEDULING ORDER**

IT IS HEREBY ORDERED that the following dates, deadlines, and procedures shall govern the initial proceedings in this matter:

**1. The parties shall jointly conduct a Rule 26(f) Conference by August 13, 2026.**

In preparation for the parties' conference, Counsel should confer with their respective clients as soon as possible to assess the nature, scope, and accessibility of the information and documents subject to timely disclosure pursuant to Rule 26(a)(1). In addition to the informational and descriptive disclosures required by Rule 26(a)(1), the parties must discuss and are strongly encouraged to agree upon the early identification and actual production or inspection of documents, rather than waiting for formal discovery requests. Documents central to the parties' claims, damages, and defenses, should be provided with the Initial Disclosures.

During the parties' Rule 26(f) conference, the discussions should focus on:

(1) The types and scope of discovery and the length of time necessary to complete it;

(2) Applicable topics and items set forth at Rule 26(f)(2) and (3);

(3) Other matters necessary to prepare the Joint Rule 26(f) Report and attachments;

(4) Counsel's respective expectations as to the scope and categorical content of the information and documents to be provided or inspected as part of the required Initial Disclosures; and

(5) The identification of the core discovery documents reasonably capable of production with the required Initial Disclosures, as well as the scope, logistics, feasibility, and timing of such production; and

(6) Whether the parties will mutually consent to Magistrate Judge jurisdiction. If agreed, the matter would be assigned for all purposes, including trial, to a Magistrate Judge.

**2. The parties shall jointly prepare and file a Rule 26(f) Report by August 27, 2026, using the outline and format found at https://www.arwd.uscourts.gov/judge-fowlkes-forms**.

**3. If the parties believe that it would be beneficial for the Court to hold a Case Management Hearing prior to issuing a final scheduling order, the parties should request a conference in their Rule 26(f) report.**

The scheduling conference is governed by Fed. R. Civ. P. 16(b)(1)(B). Its purpose is to assess the pretrial needs of the case and to assist the Court in crafting an appropriately tailored Case Management Order. Counsel should be prepared to identify and discuss all genuinely disputed issues of fact and law and the matters set forth in the parties' Rule 26(f) Report. **The Court will also hear argument on any**

**pending motions which may be ripe for consideration.** In making the request, the parties should give an estimated duration for the conference.

**4. The Proposed Trial Date is During the Court's September 2027 Civil Trial Term.**

The case will be scheduled for **JURY TRIAL** before The Honorable David Clay Fowlkes commencing at 9:00 a.m. during the Court's trial term set forth above in **Fayetteville, Arkansas**. The date above reflects the standard amount of time the Court allows for cases to progress to trial, and the Court recognizes that not all cases will fit this standard. As such, the parties must propose alternate trial dates in their Rule 26(f) report. The Court can expedite cases as its schedule allows.

Parties are advised that, because of the demands of the Court's docket, deadlines are not likely to be moved closer to the scheduled trial date unless the parties provide a reasonable rationale for doing so. The parties should be diligent in proposing deadlines, as the Court will not grant extensions or continuances after entry of the final scheduling order absent a showing of good cause.

The parties are advised that the Court is not likely to grant stays for the sole purpose of allowing the parties to engage in settlement discussions. If the parties file a motion to stay, they must set forth compelling circumstances warranting a stay.

**5. Commencement of Discovery**. The parties are authorized to commence formal discovery in accordance with the Rules. See Fed. R. Civ. P. 26(d).

**6. No Waiver of Privilege**. Pursuant to Fed. R. Evid. 502(d), the Court hereby orders that any inadvertent disclosure of privileged information or documentation in response to *any* discovery production, including Rule 26(a)(1) disclosures and agreed document productions, shall not constitute a waiver of any applicable privileges in this case, or in any other case or respect. The purpose of this provision is to reduce the concern of a party that it must conduct exhaustive and expensive pre-production review of information/documents prior to producing the same.

**7. Motions**. Any motion, response, or brief in support must be limited to 25 double-spaced pages of 12-point font. Parties must seek leave before filing any reply in support of a motion other than a summary judgment motion. If allowed, replies must be limited to 7 double-spaced pages of 12-point font. Responses should address only issues raised in a motion. Replies should address only issues raised in a response. Excess pages will not be considered unless the parties have sought leave to make a lengthy filing. Citations to lengthy exhibits must be precise.

**IT IS SO ORDERED** on this 22nd day of July 2026.

/s/ David Clay Fowlkes

DAVID CLAY FOWLKES
UNITED STATES DISTRICT JUDGE