**IN THE UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF ARKANSAS**
**FAYETTEVILLE DIVISION**

| | | |
|---|---|---|
| DR. NAJJA K. BAPTIST<br><br>PLAINTIFF-<br>COUNTERCLAIM<br>DEFENDANT<br><br>v.<br><br>BOARD OF TRUSTEES OF THE UNIVERSITY OF ARKANSAS, acting for and on behalf of the University of Arkansas, Fayetteville<br><br>DEFENDANT-<br>COUNTERCLAIM<br>PLAINTIFF<br><br>BRIAN RAINES; CHARLES ROBINSON, in his official capacity only; INDRAJEET CHAUBEY, in his official capacity only; CALE FESSLER, in his official capacity only<br><br>DEFENDANTS | ) | CASE NO. 5:26-cv-05077-DCF<br><br>JURY TRIAL DEMANDED |

**PLAINTIFF-COUNTERCLAIM DEFENDANT DR. NAJJA K. BAPTIST'S FIRST AMENDED ANSWER AND AFFIRMATIVE DEFENSES TO THE BOARD OF TRUSTEES' COUNTERCLAIM**

Plaintiff-Counterclaim Defendant Dr. Najja K. Baptist, by and through counsel, for his First Amended Answer and Affirmative Defenses to the Counterclaim of Defendant-Counterclaim Plaintiff Board of Trustees of the University of Arkansas (ECF No. 7), states as follows. Pursuant to Local Rule 5.5(e), this pleading reproduces in full the pleading as amended and does not incorporate any prior pleading by reference.

**1.** With regard to Paragraph 186 of the Counterclaim, Counter-Defendant admits only that Counterclaimant purports to incorporate the preceding paragraphs by reference. Counter-Defendant denies the allegations, characterizations, defenses, and legal conclusions so incorporated, and denies any allegation in the paragraph not specifically admitted.

## Jurisdiction and Venue

**2.** Counter-Defendant admits Paragraph 187 of the Counterclaim.

**3.** Counter-Defendant admits Paragraph 188 of the Counterclaim.

**4.** Counter-Defendant admits Paragraph 189 of the Counterclaim.

**5.** Counter-Defendant admits Paragraph 190 of the Counterclaim.

## The Board

**6.** With regard to Paragraph 191 of the Counterclaim, Counter-Defendant admits that Ark. Code Ann. § 6-64-202 contains the quoted language. Counter-Defendant denies any allegation in the paragraph not specifically admitted.

**7.** With regard to Paragraph 192 of the Counterclaim, Counter-Defendant admits that Ark. Code Ann. § 6-64-203 contains the quoted language. Counter-Defendant denies any allegation in the paragraph not specifically admitted.

**8.** With regard to Paragraph 193 of the Counterclaim, Counter-Defendant admits that Ark. Code Ann. § 6-64-1002 contains the quoted language. Counter-Defendant denies any allegation in the paragraph not specifically admitted.

## Dr. Baptist's T-Card Requests and University Policy

**9.** With regard to Paragraph 194 of the Counterclaim, Counter-Defendant admits that he submitted a Credit Card Request for a Travel Card on or about February 3, 2025, and that

a copy has been filed as Defendants' Exhibit 1 (ECF No. 7-1). Counter-Defendant denies any allegation in the paragraph not specifically admitted.

**10.** Counter-Defendant admits Paragraph 195 of the Counterclaim.

**11.** Counter-Defendant admits Paragraph 196 of the Counterclaim.

**12.** Counter-Defendant admits Paragraph 197 of the Counterclaim.

**13.** With regard to Paragraph 198 of the Counterclaim, Counter-Defendant admits that the Board issued him a Bank of America Travel Card with a monthly limit of $10,000. Counter-Defendant denies any allegation in the paragraph not specifically admitted.

**14.** With regard to Paragraph 199 of the Counterclaim, Counter-Defendant admits that a Request update to Credit Card Information was submitted on or about March 17, 2025, and that a copy has been filed as Defendants' Exhibit 2 (ECF No. 7-2). Counter-Defendant denies any allegation in the paragraph not specifically admitted.

**15.** Counter-Defendant admits Paragraph 200 of the Counterclaim.

**16.** Counter-Defendant admits Paragraph 201 of the Counterclaim.

**17.** Counter-Defendant admits Paragraph 202 of the Counterclaim.

**18.** With regard to Paragraph 203 of the Counterclaim, Counter-Defendant admits that the Board increased the monthly spending limit of the Travel Card to $15,000. Counter-Defendant denies any allegation in the paragraph not specifically admitted.

**19.** With regard to Paragraph 204 of the Counterclaim, Counter-Defendant admits that a copy of the document titled "Policy – TCard" has been filed as Defendants' Exhibit 3 (ECF No. 7-3) and that the document speaks for itself. Counter-Defendant denies any characterization, interpretation, or application of that policy to Counter-Defendant, and denies any allegation in the paragraph not specifically admitted.

**20.** With regard to Paragraph 205 of the Counterclaim, Counter-Defendant admits only that Defendants' Exhibit 3 contains the quoted language, which speaks for itself. Counter-Defendant denies any characterization, interpretation, or application of that document inconsistent with its full text, and denies any allegation in the paragraph not specifically admitted.

**21.** With regard to Paragraph 206 of the Counterclaim, Counter-Defendant admits only that Defendants' Exhibit 3 contains the quoted language, which speaks for itself. Counter-Defendant denies any characterization, interpretation, or application of that document inconsistent with its full text, and denies any allegation in the paragraph not specifically admitted.

**22.** With regard to Paragraph 207 of the Counterclaim, Counter-Defendant admits only that Defendants have filed a document purporting to be the University's Travel Policy and that the document speaks for itself. Counter-Defendant denies any allegation in the paragraph not specifically admitted.

**23.** With regard to Paragraph 208 of the Counterclaim, Counter-Defendant admits that a copy of the section titled "Expenses Not Allowed/Restrictions" has been filed as Defendants' Exhibit 4 (ECF No. 7-4) and that the document speaks for itself. Counter-Defendant denies any allegation in the paragraph not specifically admitted.

**24.** With regard to Paragraph 209 of the Counterclaim, Counter-Defendant admits only that Defendants' Exhibit 4 contains the quoted language, which speaks for itself. Counter-Defendant denies any characterization, interpretation, or application of that document inconsistent with its full text, and denies any allegation in the paragraph not specifically admitted.

**25.** Counter-Defendant denies Paragraph 210 of the Counterclaim. Counter-Defendant further states that every expenditure and reimbursement identified in the Counterclaim was submitted through the University's own processes and was reviewed, authorized, approved, and paid by University personnel.

**26.** Counter-Defendant lacks sufficient knowledge or information to form a belief about the truth of the allegations in Paragraph 211 of the Counterclaim and therefore denies them.

**27.** With regard to Paragraph 212 of the Counterclaim, Counter-Defendant states that the paragraph purports to characterize and summarize unidentified University policy and states legal conclusions to which no response is required. To the extent a response is required, Counter-Defendant denies the paragraph.

**Columbia and Pawleys Island, South Carolina — June 4, 2025 to July 13, 2025**

**28.** With regard to Paragraph 213 of the Counterclaim, Counter-Defendant admits that he traveled to Columbia, South Carolina, and Pawleys Island, South Carolina, from on or about June 4, 2025, to on or about July 13, 2025. Counter-Defendant denies that the travel was for personal reasons and denies the remainder of the paragraph.

**29.** Counter-Defendant admits Paragraph 214 of the Counterclaim.

**30.** Counter-Defendant admits Paragraph 215 of the Counterclaim.

**31.** With regard to Paragraph 216 of the Counterclaim, Counter-Defendant admits that a copy of his May 29, 2025 e-mail has been filed as Defendants' Exhibit 5 (ECF No. 7-5).

**32.** With regard to Paragraph 217 of the Counterclaim, Counter-Defendant admits only that Defendants' Exhibit 5 contains the quoted language, which speaks for itself. Counter-Defendant denies any characterization, interpretation, or application of that document

inconsistent with its full text, and denies any allegation in the paragraph not specifically admitted.

**33.** Counter-Defendant admits Paragraph 218 of the Counterclaim.

**34.** With regard to Paragraph 219 of the Counterclaim, Counter-Defendant admits that a copy of the Official Function Form has been filed as Defendants' Exhibit 6 (ECF No. 7-6).

**35.** Counter-Defendant admits Paragraph 220 of the Counterclaim.

**36.** Counter-Defendant admits Paragraph 221 of the Counterclaim.

**37.** With regard to Paragraph 222 of the Counterclaim, Counter-Defendant admits only that Defendants' Exhibit 6 contains the quoted language, which speaks for itself. Counter-Defendant denies any characterization, interpretation, or application of that document inconsistent with its full text, and denies any allegation in the paragraph not specifically admitted.

**38.** Counter-Defendant admits Paragraph 223 of the Counterclaim.

**39.** Counter-Defendant admits Paragraph 224 of the Counterclaim.

**40.** Counter-Defendant admits Paragraph 225 of the Counterclaim.

**41.** Counter-Defendant admits Paragraph 226 of the Counterclaim.

**42.** Counter-Defendant admits Paragraph 227 of the Counterclaim.

**43.** Counter-Defendant admits Paragraph 228 of the Counterclaim.

**44.** With regard to Paragraph 229 of the Counterclaim, Counter-Defendant admits that Dr. William Schreckhise began serving as chair of the Department of Political Science in 2019. Counter-Defendant denies any allegation in the paragraph not specifically admitted.

**45.** Counter-Defendant admits Paragraph 230 of the Counterclaim.

**46.** With regard to Paragraph 231 of the Counterclaim, Counter-Defendant admits that Dr. Schreckhise signed the Official Function Form and thereby approved the estimated expenditures for the focus group and community meeting before those expenditures were incurred. To the extent the paragraph alleges that Dr. Schreckhise's approval rested upon any particular representation by Counter-Defendant, or that Counter-Defendant caused Dr. Schreckhise to approve the form by any misrepresentation, Counter-Defendant denies the allegation. Counter-Defendant further denies that Dr. Schreckhise's approval establishes fraud, personal use, unauthorized use, improper purpose, or any liability.

**47.** Counter-Defendant admits Paragraph 232 of the Counterclaim.

**48.** With regard to Paragraph 233 of the Counterclaim, Counter-Defendant admits only that Defendants' Exhibit 7 (ECF No. 7-7) contains the referenced invitation language and that the document speaks for itself. Counter-Defendant denies that the invitation establishes that any Gala Event Center expense was personal, unauthorized, fraudulent, improper, or unrelated to University business, and denies any implication that the invitation describes all uses, purposes, or activities associated with the Gala Event Center on June 7, 2025. Counter-Defendant denies any allegation in the paragraph not specifically admitted.

**49.** With regard to Paragraph 234 of the Counterclaim, Counter-Defendant admits that a copy of the invitation has been filed as Defendants' Exhibit 7 (ECF No. 7-7).

**50.** With regard to Paragraph 235 of the Counterclaim, Counter-Defendant admits only that Defendants' Exhibit 7, page 3, contains the referenced language and that the document speaks for itself. Counter-Defendant denies that the invitation establishes that any Gala Event Center expense was personal, unauthorized, fraudulent, improper, or unrelated to University business, and denies any allegation in the paragraph not specifically admitted.

**51.** With regard to Paragraph 236 of the Counterclaim, Counter-Defendant admits only that Defendants' Exhibit 7, page 4, contains the referenced language and that the document speaks for itself. Counter-Defendant denies that the invitation establishes that any Gala Event Center expense was personal, unauthorized, fraudulent, improper, or unrelated to University business, and denies any allegation in the paragraph not specifically admitted.

**52.** Counter-Defendant admits Paragraph 237 of the Counterclaim.

**53.** With regard to Paragraph 238 of the Counterclaim, Counter-Defendant admits that on or about June 2, 2025, he declined a proposed telephone call and referred to an upcoming honeymoon. Counter-Defendant states that the communication speaks for itself and denies that it establishes that any expenditure was personal, unauthorized, fraudulent, improper, or unrelated to University business. Counter-Defendant denies any allegation in the paragraph not specifically admitted.

**54.** With regard to Paragraph 239 of the Counterclaim, Counter-Defendant admits that on or about June 3, 2025, he wrote colleagues concerning his availability and referred to an upcoming wedding and honeymoon. Counter-Defendant states that the communication speaks for itself and denies that it establishes that any expenditure was personal, unauthorized, fraudulent, improper, or unrelated to University business. Counter-Defendant denies any allegation in the paragraph not specifically admitted.

**55.** Counter-Defendant admits Paragraph 240 of the Counterclaim.

**56.** With regard to Paragraph 241 of the Counterclaim, Counter-Defendant admits that a copy of the referenced posting has been filed as Defendants' Exhibit 8 (ECF No. 7-8).

**57.** With regard to Paragraph 242 of the Counterclaim, Counter-Defendant admits only that Defendants' Exhibit 8 contains the quoted language, which speaks for itself. Counter-

Defendant denies any characterization, interpretation, or application of that document inconsistent with its full text, and denies any allegation in the paragraph not specifically admitted.

**58.** Counter-Defendant lacks sufficient knowledge or information to form a belief about the truth of the allegations in Paragraph 243 of the Counterclaim and therefore denies them.

**59.** Counter-Defendant lacks sufficient knowledge or information to form a belief about the truth of the allegations in Paragraph 244 of the Counterclaim and therefore denies them.

**60.** With regard to Paragraph 245 of the Counterclaim, Counter-Defendant admits that hotel accommodations, including a Best Western and a Hampton Inn, are available in the Pawleys Island area. Counter-Defendant denies the characterization of those accommodations as "standard," which is undefined and subjective, and denies that the availability of other lodging renders any expenditure personal, unauthorized, fraudulent, or improper. Counter-Defendant denies any allegation in the paragraph not specifically admitted.

**61.** With regard to Paragraph 246 of the Counterclaim, Counter-Defendant admits that he submitted a receipt dated June 10, 2025, from a Pawleys Island dining establishment in the amount of $114.59. Counter-Defendant denies that the receipt establishes that any charge was personal, unauthorized, fraudulent, improper, or unrelated to University business. Counter-Defendant denies that Internal Audit confirmed, established, or proved that he dined with a guest on June 10, 2025, or that he did not consume the items reflected on the receipt. Counter-Defendant lacks sufficient knowledge or information to form a belief about what any server is alleged to have told Internal Audit, and therefore

denies those allegations. Counter-Defendant denies any allegation in the paragraph not specifically admitted.

**62.** Counter-Defendant denies Paragraph 247 of the Counterclaim.

**63.** With regard to Paragraph 248 of the Counterclaim, Counter-Defendant admits only that Defendants' Exhibits 40 through 46 purport to reflect Travel Card charges, administrative Travel Card charges, and reimbursement requests associated with travel to Memphis, Tennessee, Columbia, South Carolina, and Pawleys Island, South Carolina, during the referenced periods, and that those documents speak for themselves. Counter-Defendant denies that any such expenditure was non-Institution related, unauthorized, personal, fraudulent, improper, or otherwise actionable. Counter-Defendant denies any allegation in the paragraph not specifically admitted.

**64.** Counter-Defendant denies Paragraph 249 of the Counterclaim.

**Augusta, Georgia — September 22, 2024 to September 30, 2024**

**65.** With regard to Paragraph 250 of the Counterclaim, Counter-Defendant admits only that Defendants' Exhibits 9, 10, and 11 purport to reflect Travel Card charges, administrative Travel Card charges, and reimbursement requests associated with travel to Augusta, Georgia during the referenced period, and that those documents speak for themselves. Counter-Defendant denies that any such expenditure was non-Institution related, unauthorized, personal, fraudulent, improper, or otherwise actionable. Counter-Defendant further states that each such expenditure was submitted through University processes and was reviewed, approved, and paid by University personnel without objection. Counter-Defendant denies any allegation in the paragraph not specifically admitted.

**<u>Charlotte, North Carolina — October 3, 2024 to October 7, 2024</u>**

**66.** With regard to Paragraph 251 of the Counterclaim, Counter-Defendant admits only that Defendants' Exhibits 12 and 13 purport to reflect Travel Card charges, administrative Travel Card charges, and reimbursement requests associated with travel to Charlotte, North Carolina during the referenced period, and that those documents speak for themselves. Counter-Defendant denies that any such expenditure was non-Institution related, unauthorized, personal, fraudulent, improper, or otherwise actionable. Counter-Defendant further states that each such expenditure was submitted through University processes and was reviewed, approved, and paid by University personnel without objection. Counter-Defendant denies any allegation in the paragraph not specifically admitted.

**<u>New Orleans, Louisiana — November 15, 2024 to November 17, 2024</u>**

**67.** With regard to Paragraph 252 of the Counterclaim, Counter-Defendant admits only that Defendants' Exhibits 14 and 15 purport to reflect Travel Card charges, administrative Travel Card charges, and reimbursement requests associated with travel to New Orleans, Louisiana during the referenced period, and that those documents speak for themselves. Counter-Defendant denies that any such expenditure was non-Institution related, unauthorized, personal, fraudulent, improper, or otherwise actionable. Counter-Defendant further states that each such expenditure was submitted through University processes and was reviewed, approved, and paid by University personnel without objection. Counter-Defendant denies any allegation in the paragraph not specifically admitted.

**<u>Memphis, Tennessee — November 27, 2024 to December 1, 2024</u>**

**68.** With regard to Paragraph 253 of the Counterclaim, Counter-Defendant admits only that Defendants' Exhibits 16, 17, and 18 purport to reflect Travel Card charges, administrative Travel Card charges, and reimbursement requests associated with travel to Memphis, Tennessee during the referenced period, and that those documents speak for themselves. Counter-Defendant denies that any such expenditure was non-Institution related, unauthorized, personal, fraudulent, improper, or otherwise actionable. Counter-Defendant further states that each such expenditure was submitted through University processes and was reviewed, approved, and paid by University personnel without objection. Counter-Defendant denies any allegation in the paragraph not specifically admitted.

**Charlotte, Durham, Columbia, Savannah, and Augusta — December 13, 2024 to January 7, 2025**

**69.** With regard to Paragraph 254 of the Counterclaim, Counter-Defendant admits only that Defendants' Exhibits 19, 20, 21, and 22 purport to reflect Travel Card charges, administrative Travel Card charges, and reimbursement requests associated with travel to Charlotte and Durham, North Carolina; Columbia, South Carolina; and Savannah and Augusta, Georgia during the referenced period, and that those documents speak for themselves. Counter-Defendant denies that any such expenditure was non-Institution related, unauthorized, personal, fraudulent, improper, or otherwise actionable. Counter-Defendant further states that each such expenditure was submitted through University processes and was reviewed, approved, and paid by University personnel without objection. Counter-Defendant denies any allegation in the paragraph not specifically admitted.

**Chattanooga, Tennessee — January 17, 2025 to January 19, 2025**

**70.** With regard to Paragraph 255 of the Counterclaim, Counter-Defendant admits only that Defendants' Exhibit 23 purport to reflect Travel Card charges, administrative Travel Card charges, and reimbursement requests associated with travel to Chattanooga, Tennessee during the referenced period, and that those documents speak for themselves. Counter-Defendant denies that any such expenditure was non-Institution related, unauthorized, personal, fraudulent, improper, or otherwise actionable. Counter-Defendant further states that each such expenditure was submitted through University processes and was reviewed, approved, and paid by University personnel without objection. Counter-Defendant denies any allegation in the paragraph not specifically admitted.

**Hattiesburg, Mississippi — March 7, 2025 to March 9, 2025**

**71.** With regard to Paragraph 256 of the Counterclaim, Counter-Defendant admits only that Defendants' Exhibits 24, 25, and 26 purport to reflect Travel Card charges, administrative Travel Card charges, and reimbursement requests associated with travel to Hattiesburg, Mississippi during the referenced period, and that those documents speak for themselves. Counter-Defendant denies that any such expenditure was non-Institution related, unauthorized, personal, fraudulent, improper, or otherwise actionable. Counter-Defendant further states that each such expenditure was submitted through University processes and was reviewed, approved, and paid by University personnel without objection. Counter-Defendant denies any allegation in the paragraph not specifically admitted.

**New Orleans and Miami — March 22, 2025 to March 31, 2025**

**72.** With regard to Paragraph 257 of the Counterclaim, Counter-Defendant admits only that Defendants' Exhibits 27 and 28 purport to reflect Travel Card charges, administrative Travel Card charges, and reimbursement requests associated with travel to New Orleans, Louisiana, and Miami, Florida during the referenced period, and that those documents speak for themselves. Counter-Defendant denies that any such expenditure was non-Institution related, unauthorized, personal, fraudulent, improper, or otherwise actionable. Counter-Defendant further states that each such expenditure was submitted through University processes and was reviewed, approved, and paid by University personnel without objection. Counter-Defendant denies any allegation in the paragraph not specifically admitted.

**<u>Columbia, South Carolina — April 12, 2025 to April 21, 2025</u>**

**73.** With regard to Paragraph 258 of the Counterclaim, Counter-Defendant admits only that Defendants' Exhibits 29 and 30 purport to reflect Travel Card charges, administrative Travel Card charges, and reimbursement requests associated with travel to Columbia, South Carolina during the referenced period, and that those documents speak for themselves. Counter-Defendant denies that any such expenditure was non-Institution related, unauthorized, personal, fraudulent, improper, or otherwise actionable. Counter-Defendant further states that each such expenditure was submitted through University processes and was reviewed, approved, and paid by University personnel without objection. Counter-Defendant denies any allegation in the paragraph not specifically admitted.

**<u>Columbia, South Carolina — May 8, 2025 to May 9, 2025</u>**

**74.** With regard to Paragraph 259 of the Counterclaim, Counter-Defendant admits only that Defendants' Exhibit 31 purport to reflect Travel Card charges, administrative Travel Card charges, and reimbursement requests associated with travel to Columbia, South Carolina during the referenced period, and that those documents speak for themselves. Counter-Defendant denies that any such expenditure was non-Institution related, unauthorized, personal, fraudulent, improper, or otherwise actionable. Counter-Defendant further states that each such expenditure was submitted through University processes and was reviewed, approved, and paid by University personnel without objection. Counter-Defendant denies any allegation in the paragraph not specifically admitted.

**Columbia, South Carolina — May 17, 2025 to May 19, 2025**

**75.** With regard to Paragraph 260 of the Counterclaim, Counter-Defendant admits only that Defendants' Exhibits 32, 33, 34, 35, and 36 purport to reflect Travel Card charges, administrative Travel Card charges, and reimbursement requests associated with travel to Columbia, South Carolina during the referenced period, and that those documents speak for themselves. Counter-Defendant denies that any such expenditure was non-Institution related, unauthorized, personal, fraudulent, improper, or otherwise actionable. Counter-Defendant further states that each such expenditure was submitted through University processes and was reviewed, approved, and paid by University personnel without objection. Counter-Defendant denies any allegation in the paragraph not specifically admitted.

**Washington, D.C. — May 21, 2025 to May 26, 2025**

**76.** With regard to Paragraph 261 of the Counterclaim, Counter-Defendant admits only that Defendants' Exhibits 37, 38, and 39 purport to reflect Travel Card charges, administrative Travel Card charges, and reimbursement requests associated with travel to Washington, D.C. during the referenced period, and that those documents speak for themselves. Counter-Defendant denies that any such expenditure was non-Institution related, unauthorized, personal, fraudulent, improper, or otherwise actionable. Counter-Defendant further states that each such expenditure was submitted through University processes and was reviewed, approved, and paid by University personnel without objection. Counter-Defendant denies any allegation in the paragraph not specifically admitted.

**Authenticity of Defendants' Expense-Report Exhibits and the Board's Damages**

**77.** With regard to Paragraph 262 of the Counterclaim, Counter-Defendant admits only that Defendants have filed documents labeled Exhibits 9 through 46 purporting to be Travel Expense Reimbursement & Reconciliation Forms. Counter-Defendant states that the paragraph is incomplete on its face because the cross-references to the paragraphs the exhibits are said to support are left blank, and that Counter-Defendant therefore cannot determine which exhibit is alleged to correspond to which allegation. Counter-Defendant denies that the exhibits establish liability, damages, fraud, conversion, unjust enrichment, breach of fiduciary duty, or any debt owed by Counter-Defendant, and denies any allegation in the paragraph not specifically admitted.

**78.** Counter-Defendant denies Paragraph 263 of the Counterclaim.

**79.** Counter-Defendant denies Paragraph 264 of the Counterclaim.

**80.** Counter-Defendant denies Paragraph 265 of the Counterclaim.

**Counterclaim Count I — Breach of Fiduciary Duty of Public Trust**

**81.** With regard to Paragraph 266 of the Counterclaim, Counter-Defendant realleges and incorporates by reference the preceding paragraphs of this Answer.

**82.** With regard to Paragraph 267 of the Counterclaim, the paragraph quotes and characterizes a judicial opinion and states legal conclusions to which no response is required. To the extent a response is required, Counter-Defendant admits only that State ex rel. Attorney General v. Broadaway, 192 Ark. 634, 93 S.W.2d 1248 (1936), contains the quoted language, and states that the opinion speaks for itself. Counter-Defendant denies any allegation in the paragraph not specifically admitted.

**83.** Counter-Defendant denies Paragraph 268 of the Counterclaim.

**84.** Counter-Defendant denies Paragraph 269 of the Counterclaim.

**85.** Counter-Defendant denies Paragraph 270 of the Counterclaim.

**86.** Counter-Defendant denies Paragraph 271 of the Counterclaim.

**87.** Counter-Defendant denies Paragraph 272 of the Counterclaim.

**88.** Counter-Defendant denies Paragraph 273 of the Counterclaim.

**Counterclaim Count II — Conversion of Public Funds**

**89.** With regard to Paragraph 274 of the Counterclaim, Counter-Defendant realleges and incorporates by reference the preceding paragraphs of this Answer.

**90.** With regard to Paragraph 275 of the Counterclaim, the paragraph states a legal conclusion to which no response is required. To the extent a response is required, Counter-Defendant admits only that Grayson v. Bank of Little Rock, 334 Ark. 180, 971 S.W.2d 788 (1998), contains the referenced language, and states that the opinion speaks

for itself. Counter-Defendant denies any allegation in the paragraph not specifically admitted.

**91.** With regard to Paragraph 276 of the Counterclaim, the paragraph states a legal conclusion to which no response is required. To the extent a response is required, Counter-Defendant admits that Ark. Code Ann. § 6-64-1002 exists and denies any characterization of the statute inconsistent with its text.

**92.** Counter-Defendant denies Paragraph 277 of the Counterclaim.

**93.** Counter-Defendant denies Paragraph 278 of the Counterclaim.

**94.** Counter-Defendant denies Paragraph 279 of the Counterclaim.

**95.** Counter-Defendant denies Paragraph 280 of the Counterclaim.

**96.** Counter-Defendant denies Paragraph 281 of the Counterclaim.

**Counterclaim Count III — Unjust Enrichment**

**97.** With regard to Paragraph 282 of the Counterclaim, Counter-Defendant realleges and incorporates by reference the preceding paragraphs of this Answer.

**98.** With regard to Paragraph 283 of the Counterclaim, the paragraph quotes and characterizes a judicial opinion and states legal conclusions to which no response is required. To the extent a response is required, Counter-Defendant admits only that City of Fort Smith v. Merriott, 2023 Ark. 51, contains the quoted language, and states that the opinion speaks for itself. Counter-Defendant denies any allegation in the paragraph not specifically admitted.

**99.** Counter-Defendant denies Paragraph 284 of the Counterclaim.

**100.** Counter-Defendant denies Paragraph 285 of the Counterclaim.

**101.** Counter-Defendant denies Paragraph 286 of the Counterclaim.

**102.** Counter-Defendant denies Paragraph 287 of the Counterclaim.

**103.** Counter-Defendant denies Paragraph 288 of the Counterclaim.

## Counterclaim Count IV — Fraud

**104.** With regard to Paragraph 289 of the Counterclaim, Counter-Defendant realleges and incorporates by reference the preceding paragraphs of this Answer.

**105.** With regard to Paragraph 290 of the Counterclaim, the paragraph states a legal conclusion to which no response is required. To the extent a response is required, Counter-Defendant admits only that Fidelity Mortgage Co. of Texas v. Cook, 307 Ark. 496, 821 S.W.2d 39 (1991), addresses the elements of fraud under Arkansas law, and states that the opinion speaks for itself. Counter-Defendant denies any allegation in the paragraph not specifically admitted.

**106.** Counter-Defendant denies Paragraph 291 of the Counterclaim.

**107.** Counter-Defendant denies Paragraph 292 of the Counterclaim.

**108.** Counter-Defendant denies Paragraph 293 of the Counterclaim.

**109.** Counter-Defendant denies Paragraph 294 of the Counterclaim.

**110.** Counter-Defendant denies Paragraph 295 of the Counterclaim.

**111.** Counter-Defendant denies Paragraph 296 of the Counterclaim.

**112.** Counter-Defendant denies Paragraph 297 of the Counterclaim.

## Jury Demand and Prayer for Relief

**113.** With regard to Paragraph 298 of the Counterclaim, no response is required.

**114.** Counter-Defendant denies that the Board is entitled to any of the relief requested in the Prayer for Relief of the Counterclaim.

**115.** Counter-Defendant denies every allegation of the Counterclaim not specifically admitted herein.

## AFFIRMATIVE AND OTHER DEFENSES

**116.** **Failure to State a Claim.** The Counterclaim fails, in whole or in part, to state a claim upon which relief can be granted.

**117.** **Failure to Plead Fraud with Particularity.** The Board's fraud count fails to satisfy Fed. R. Civ. P. 9(b) because it does not identify, transaction by transaction, the particular representation alleged to be false, when and by what means it was made, to whom it was made, or why it was false.

**118.** **No False Representation and No Scienter.** Dr. Baptist made no false representation of material fact, did not know or believe any representation to be false, did not lack a sufficient basis for any representation, and did not intend to deceive the Board or the University.

**119.** **No Justifiable Reliance.** The Board's fraud count fails because the University did not justifiably rely on any representation. Each expenditure and reimbursement at issue was submitted through the University's own processes and was independently reviewed, approved, and paid by University personnel who had access to the underlying documentation, including a departmental chair who approved the Official Function Form in advance.

**120.** **Authorization, Approval, Ratification, and Course of Dealing.** The Board's counterclaims are barred or reduced because the expenditures and reimbursements at issue were authorized, reviewed, approved, accepted, paid, and ratified by the University

and its agents, consistent with an established course of dealing under which Dr. Baptist's field-research travel was approved and reimbursed without objection.

121. **Legitimate University and Research Purpose.** The expenditures at issue were incurred for legitimate University-related, research-related, academic, programmatic, or otherwise authorized purposes.

122. **Express Contract Bars Restitution.** The Board's unjust-enrichment count is barred because the Board pleads and relies upon express written agreements between Dr. Baptist and the Board governing the same subject matter, namely the Credit Card Request and the Request update to Credit Card Information attached as Defendants' Exhibits 1 and 2. Under Arkansas law, unjust enrichment has no application where an express written contract exists between the parties covering the subject matter of the claim.

123. **No Unjust Enrichment.** Dr. Baptist was not unjustly enriched, the University received the benefit of the expenditures, and equity and good conscience do not require restitution.

124. **No Conversion.** The Board's conversion count fails because Dr. Baptist did not exercise dominion or control over any specific, identifiable fund belonging to the Board, and because a claim for an unliquidated sum of money arising from a disputed expense review is not a claim for conversion.

125. **No Fiduciary Duty and No Breach.** Dr. Baptist is not a public officer and did not owe the Board the fiduciary duty of public trust alleged. If any such duty existed, Dr. Baptist did not breach it, did not act with self-interest, and did not act with malice or reckless disregard.

126. **Waiver and Estoppel.** The Board's counterclaims are barred or reduced to the extent the Board, the University, or their agents approved, authorized, accepted, paid, ratified, or failed to timely object to the expenditures at issue.

127. **Unclean Hands.** The Board's equitable counts are barred by the doctrine of unclean hands.

128. **Election of Remedies and No Duplicative Recovery.** All four counts of the Counterclaim seek recovery of the same funds arising from the same transactions. The Board may not recover the same sum more than once, and any recovery must be limited to a single satisfaction.

129. **Payment, Accord, Satisfaction, and Prior Recovery.** The Board's recovery must be reduced by any amount already invoiced, collected, offset, withheld, deducted, or otherwise recovered from Dr. Baptist.

130. **Setoff and Recoupment.** Any recovery must be reduced or offset by amounts owed to Dr. Baptist, including compensation, stipend, and benefits withheld from him, and by the value of the research, services, and work the University received.

131. **Failure to Mitigate.** The Board failed to mitigate any damages it claims to have sustained.

132. **Fault of Others.** Any damages the Board claims were caused in whole or in part by the acts or omissions of the Board's own agents and employees, including those who reviewed, approved, and paid the expenditures at issue.

133. **Statute of Limitations.** The Board's counterclaims are barred, in whole or in part, by the applicable statutes of limitation, including Ark. Code Ann. § 16-56-105, to the extent they reach transactions outside the limitations period.

134. **Punitive Damages Unavailable and Unsupported.** The Board is not entitled to punitive damages. Punitive damages are not available on the Board's equitable count for unjust enrichment; Dr. Baptist did not act with malice, fraudulent intent, or reckless disregard; and any award would be subject to the limitations imposed by Arkansas law and by the Due Process Clause of the Fourteenth Amendment.

135. **Equitable Claims Tried to the Court.** To the extent the Board asserts equitable counts, those counts are not triable to a jury, and Dr. Baptist reserves all rights concerning the mode of trial and the sequencing of legal and equitable issues.

136. **Retaliatory, Discriminatory, and Pretextual Counterclaim.** The Counterclaim is barred, in whole or in part, to the extent it was asserted or is being pursued for retaliatory, discriminatory, or pretextual reasons, including in response to Dr. Baptist's protected complaints of race discrimination, his pursuit of relief before the Equal Employment Opportunity Commission, and his assertion of claims in this action.

137. **No Causation and No Recoverable Damages.** The Board sustained no damages caused by any actionable conduct of Dr. Baptist, and the amounts it claims are speculative and unliquidated.

138. **Due Process and No Established Debt.** The Board's counterclaims are barred or limited to the extent the Board seeks to treat a disputed, unliquidated, inference-driven audit figure as an established debt, or to collect it from Dr. Baptist's wages, without constitutionally adequate process.

139. **Waiver of Immunity by Voluntary Invocation of Federal Jurisdiction.** By filing affirmative counterclaims for damages in this Court, the Board has voluntarily invoked the jurisdiction of a federal forum and has waived any immunity from suit it might

otherwise assert, at least to the extent of Dr. Baptist's claims arising from the same transactions and occurrences.

**140.** **Reservation of Rights.** Dr. Baptist reserves the right to amend this Answer and to assert additional defenses as discovery and investigation may warrant, and reserves all rights available under the Federal Rules of Civil Procedure and any scheduling order entered by the Court.

WHEREFORE, Plaintiff-Counterclaim Defendant Dr. Najja K. Baptist respectfully requests that the Court enter judgment in his favor on the Board's Counterclaim, dismiss the Counterclaim with prejudice, award him his costs and, to the extent allowed by law, his attorney's fees, and grant such other and further relief as the Court deems just and proper.

Respectfully submitted,

DR. NAJJA K. BAPTIST, PLAINTIFF

By: /s/ Luther Oneal Sutter

Luther Oneal Sutter, Ark. Bar No. 95-031
SUTTER & GILLHAM, P.L.L.C.
310 Natural Resources, Ste. 2
Little Rock, Arkansas 72205
(501) 315-1910 – telephone
luthersutter.law@gmail.com
Attorney for Plaintiff