**IN THE UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF ARKANSAS**
**FAYETTEVILLE DIVISION**

| | | |
|---|---|---|
| DR. NAJJA K. BAPTIST<br><br>PLAINTIFF-<br>COUNTERCLAIM<br>DEFENDANT<br><br>v.<br><br>BOARD OF TRUSTEES OF THE UNIVERSITY OF ARKANSAS, acting for and on behalf of the University of Arkansas, Fayetteville<br><br>DEFENDANT-<br>COUNTERCLAIM<br>PLAINTIFF<br><br>BRIAN RAINES; CHARLES ROBINSON, in his official capacity only; INDRAJEET CHAUBEY, in his official capacity only; CALE FESSLER, in his official capacity only<br><br>DEFENDANTS | ) | CASE NO. 5:26-cv-05077-DCF<br><br>JURY TRIAL DEMANDED |

**BRIEF IN SUPPORT OF PLAINTIFF-COUNTERCLAIM DEFENDANT'S MOTION FOR LEAVE TO FILE FIRST AMENDED ANSWER TO THE BOARD OF TRUSTEES' COUNTERCLAIM**

## I. Relevant Facts

Dr. Baptist filed this employment discrimination and due process action on April 13, 2026. On May 7, 2026, the Board answered and asserted four state-law counterclaims seeking compensatory and punitive damages arising out of Dr. Baptist's University travel and expense reimbursements. ECF No. 7. Prior counsel answered the Counterclaim on June 18, 2026. ECF

No. 13. Present counsel entered an appearance on July 21, 2026, and prior counsel was permitted to withdraw on July 24, 2026. ECF No. 17.

The case remains in its early stages. The Rule 26(f) report was filed August 24, 2026. ECF No. 18. The parties exchanged initial disclosures on August 27, 2026. No deposition has been taken, no written discovery has yet been answered, and no dispositive motion is pending.

## II. Standard

A party may amend its pleading with the court's leave, and "the court should freely give leave when justice so requires." Fed. R. Civ. P. 15(a)(2). Leave should be granted in the absence of undue delay, bad faith or dilatory motive, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party, or futility of amendment. Foman v. Davis, 371 U.S. 178, 182 (1962).

Local Rule 5.5(e) requires that a motion to amend attach the proposed amendment, state concisely what is being amended, and reproduce the entire pleading as amended without incorporating any prior pleading by reference. The proposed First Amended Answer, attached to the motion as Exhibit A, complies with each requirement.

## III. Argument

Each Foman factor favors amendment.

**No undue delay or dilatory motive.** The Counterclaim was answered on time. Present counsel appeared roughly five weeks ago, upon prior counsel's withdrawal, and moves promptly upon completing review of a fifty-five page pleading and forty-nine exhibits. Amendment is sought at the outset of discovery, not on the eve of trial.

**No prejudice.** The added defenses arise entirely from the Board's own pleading and its own exhibits. They require no new discovery from the Board and add no new claim, party, or theory of affirmative recovery. The Board will have the full discovery period to address them.

**No futility.** The added defenses are substantial. Three illustrate the point. First, the Board pleads that Dr. Baptist entered express written agreements governing use of the Travel Card, attaching them as Exhibits 1 and 2, and then pleads unjust enrichment arising from the same subject matter. Under Arkansas law, "the concept of unjust enrichment has no application when an express written contract exists." Servewell Plumbing, LLC v. Summit Contractors, Inc., 362 Ark. 598, 634, 210 S.W.3d 101 (2005). Second, the Board's fraud count alleges that each of dozens of transactions carried an implied false representation, without identifying transaction by transaction the representation, its date, its form, or why it was false, which is the particularity Fed. R. Civ. P. 9(b) requires. Third, the Board pleads that Dr. Baptist submitted an Official Function Form that a departmental chair reviewed and approved in advance, and that the University thereafter reviewed, approved, and paid each expenditure through its own processes; those allegations squarely implicate the elements of justifiable reliance, ratification, and estoppel, which the existing Answer pleads only in part.

**No repeated failure to cure.** This is the first amendment sought to the Answer to the Counterclaim.

## IV. Conclusion

Dr. Baptist respectfully requests that the Court grant leave to file the First Amended Answer and Affirmative Defenses attached as Exhibit A to the motion and deem it filed as of the date of the Court's order.

Respectfully submitted,

DR. NAJJA K. BAPTIST, PLAINTIFF

By: /s/ Luther Oneal Sutter
Luther Oneal Sutter, Ark. Bar No. 95-031
SUTTER & GILLHAM, P.L.L.C.
310 Natural Resources, Ste. 2
Little Rock, Arkansas 72205
(501) 315-1910 – telephone
luthersutter.law@gmail.com
Attorney for Plaintiff